IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| MARCI CLARK,<br>    Plaintiff,<br><br>vs.<br><br>DAVID GRISHMAN, REDROCK LITERARY, INC. and PINK SAND PRESS, LLC,<br>    Defendants. | No. 4:21-cv-392<br><br>**COMPLAINT** |

Plaintiff, Marci Clark ("Clark") for cause of action against Defendants David Grishman, RedRock Literary, Inc. ("RedRock") and Pink Sand Press, LLC ("Pink Sand"), states as follows:

**Parties**

1.   Plaintiff, Clark, is an adult individual residing at 726 N. 2nd Ave. East, Newton, IA 50208 in Jasper County, Iowa.

2.   Defendant, Grishman, is an adult individual residing, upon information and belief, at 55 Sampson Ave, Swampscott, MA 01907.

3.   Defendant, RedRock, is a Massachusetts corporation with a principal place of business at 55 Sampson Ave, Swampscott, MA 01907.

4.   Defendant, Pink Sand, is a Massachusetts limited liability company with a principal place of business at 125 Summer St, Boston, MA 02110.

**Jurisdiction and Venue**

5.   This Court has original subject matter jurisdiction over all claims asserted in this case under 28 U.S.C. § 1332 based on diversity of citizenship, as all Defendants reside in Massachusetts and Plaintiff is a citizen of Iowa, and the amount in controversy exceeds $75,000.

6.  Personal jurisdiction of the Defendants is proper in this Federal District pursuant to 28 U.S.C. § 1391(c) in that Defendants have conducted business in this District.

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to the claims occurred in Jasper county, Iowa.

**General Facts Common to All Counts**

8.  Clark is a successful author of over twenty published novels, writing under the names Marci Bolden, Marci Boudreaux, M. Bolden, and Emilia Mancini.

9.  Grishman is a literary agent and represents authors in the promotion of their creative works and negotiation of agreements with publishers and other media entities in connection with their works.

10. Grishman is the president and sole owner of RedRock Literary, Inc., through which he carries out his literary agent obligations to clients including the Plaintiff.

11. Pink Sand is a literary publisher and promoter.

12. Grishman is employed as an operations manager with Pink Sand.

13. In December 2018, Clark entered into an agreement with RedRock (Exhibit 1, the "Agency Agreement"), whereby David Grishman, via RedRock, would serve as Clark's agent, specifically to represent her in the negotiation of agreements with prospective publishers.

14. On January 23, 2019, Clark entered into an agreement with Pink Sand Press, LLC (Exhibit 2, the "Publishing Agreement"), wherein Clark granted Pink Sand the exclusive right to publish, reproduce, and distribute Clark's books throughout the world for a period of ten years.

15. The Publishing Agreement requires, among other things, that Pink Sand shall file copyright applications for all of Clark's works produced thereunder.

16. Upon information and belief, Pink Sand has filed no copyright applications for any of Clark's works.

17. Grishman told Clark that Pink Sand was a startup company that would be owned by Grishman and Matthew Bernard, Grishman's friend.

18. Unbeknownst to Clark, Pink Sand was actually owned by Grishman's father, Steven Grishman.

19. As Clark's agent, Grishman received 15% of Clark's advance payment.

20. In November 2019, Pink Sand's editorial department required an extensive edit on Clark's manuscript for the fourth installment of Clark's "Hearts" series of books; this put the release of the book behind schedule.

21. During March 2020, as editing continued on "Hearts" book four, Grishman informed Clark via telephone that Pink Sand would be buying out the remaining two books in the "Hearts" series and hiring a ghostwriter; Grishman told Clark she had no choice because of a clause in the Publishing Agreement that allowed Pink Sand to use a ghostwriter to finish the series that would be published under Clark's name.

22. The Publishing Agreement contains no clause that permits the use of a ghostwriter, publish a spin-off series, or to purchase Clark's rights.

23. On February 8, 2021, Clark and Pink Sand executed an amendment to the Publishing Agreement (Exhibit 2, p. 22), which changed the requirements for Clark's submission of certain books to permit only *copy* editing—as opposed *developmental* editing—by Pink Sand.

24. Despite this Amendment, Pink Sand insisted on conducting developmental edits before accepting Clark's manuscripts for publication.

25. On May 10, 2021, Grishman and Clark agreed that the submission date for a manuscript would be September 24, 2021 to accommodate Pink Sand's extensive edits.

26. In August of 2021, Grishman told Clark that she was late in submitting the manuscript

27. On September 15, 2021, when Clark was due to receive royalties, Pink Sand notified counsel for Clark that she was in default on the Publishing Agreement, and would not be releasing Clark's royalties until the parties came to an agreement to end negotiations and terminate the Publishing Agreement.

28. As a result of Pink Sand's refusal to honor the provisions of the Amendment, Clark has withheld her manuscript.

## COUNT I – BREACH OF CONTRACT

### Pink Sand Press

29. The allegations of all previous paragraphs are incorporated into this Count as if fully set forth herein.

30. Clark entered into the Amendment to the Publishing Agreement with Pink Sand that expressly changed the Publishing Agreement to only require Clark to submit manuscripts for copy editing, not developmental editing.

31. Clark has fully performed all of her obligations under the Publishing Agreement.

32. Pink Sand breached the amended Publishing Agreement by refusing to accept Clark's manuscripts without developmental editing.

33. Pink Sand has also breached the Publishing Agreement by withholding royalties due to Clark from other works.

34. Pink Sand has also breached the Publishing Agreement by failing to file for any copyright applications on Clark's works.

35.     Upon information and belief, Pink Sand's breaches were committed in bad faith.

36.     Clark has suffered and will continue to suffer damages as a result of Pink Sand's breach.

WHEREFORE, Clark respectfully prays for relief from this Court as follows:

  a. Entry of temporary and permanent injunctions barring all publication, reproduction, and distribution by Pink Sand of any work created by Clark;

  b. An order directing Pink Sand to file with the Court appropriate written confirmation and to set forth the manner and form in which Pink Sand complied with injunctive relief as entered by this Court;

  c. An award of lost profits, damages, costs, and attorney's fees based on Pink Sand's breach; and

  d. Such other and further relief as the Court deems equitable and just.

## COUNT II – BREACH OF FIDUCIARY DUTY

**David Grishman and RedRock Literary, Inc.**

37.     The allegations of all previous paragraphs are incorporated into this Count as if fully set forth herein.

38.     Grishman and RedRock entered into an agent-client relationship with Plaintiff when it executed the Agency Agreement; agent/client relationships are a special relationship which gives rise to fiduciary obligations from agent to client.

39.     Plaintiff entered into the Agency Agreement for the express purposes that Grishman and RedRock would act in Plaintiff's interest to negotiate agreements with publishers and other media entities in exploit Plaintiff's works.

40.     The Agency Agreement expressly required that Grishman and RedRock would be Plaintiff's exclusive literary agent; thus Plaintiff was contractually prohibited from relying on any

other party to represent her interests in negotiations with third parties to exploit Plaintiff's creative works.

41. Plaintiff engaged Grishman and RedRock because of their experience representing clients in the literary publishing business.

42. Because Plaintiff had little knowledge or experience in representing clients in the literary publishing business, she placed full trust in Grishman and RedRock to guide her through the process of negotiating agreements with publishers to exploit Plaintiff's creative works.

43. As a result of the trust that Plaintiff placed in Grishman and RedRock, a fiduciary duty existed, and continues to exist, from Grishman and RedRock to Plaintiff.

44. Because Plaintiff had little knowledge or experience in representing clients in negotiations, and reasonably relied on Grishman's and RedRock's assurances that they would act in her best interest when negotiating agreements to exploit Plaintiff's creative works.

45. By steering Clark into the Publishing Agreement with a publisher with whom Grishman was employed, Grishman and RedRock breached its fiduciary duty owed to Clark.

46. By failing to disclose to Clark that Grishman had a familial connection to Pink Sand until after Clark signed the Publishing Agreement, Grishman and RedRock breached their fiduciary duty owed to Clark.

47. Clark has suffered and will continue to suffer damages as a result of Grishman's and RedRock's breach.

48. Grishman's and RedRock's breach was due to malice and fraud.

WHEREFORE, Clark respectfully prays for relief from this Court as follows:

    a. Judgment against Grishman and RedRock in an amount which will fully compensate Plaintiff for its damages;

    b. Avoidance of the Agency Agreement;

    c. Judgment granting punitive damages;

    d. Interest as provided by law and the costs of this action; and

    e. Such other and further relief as the Court deems equitable and just.

## COUNT III – FRAUDULENT CONCEALMENT

### David Grishman and RedRock Literary, Inc.

49. The allegations of all previous paragraphs are incorporated into this Count as if fully set forth herein.

50. By failing to disclose Grishman's interest in Pink Sand, Grishman and RedRock concealed facts material to Plaintiff's negotiation of the Publishing Agreement with Pink Sand.

51. Plaintiff lacked knowledge of Grishman's interest in Pink Sand.

52. By brokering the Publishing Agreement between Plaintiff and Pink Sand, Grishman and RedRock intended the Plaintiff to act in the absence of these concealed facts.

53. By entering into the Publishing Agreement, Plaintiff relied upon Grishman's and RedRock's concealment of material facts.

54. Plaintiff has suffered and will continue to suffer damages as a result of Grishman's and RedRock's concealment.

WHEREFORE, Clark respectfully prays for relief from this Court as follows:

    a. Judgment against Grishman and RedRock in an amount which will fully compensate Plaintiff for its damages;

    b. Avoidance of the Agency Agreement;

    c. Judgment granting punitive damages;

    d. Interest as provided by law and the costs of this action; and

e.  Such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues so triable encompassed by Counts I through III of this Complaint.

Respectfully submitted,

Dated: December 15, 2021  **ZARLEY LAW FIRM, P.LC.**

By:  /s/Timothy J. Zarley
Timothy J. Zarley, AT0008650
400 Locust Street, Capital Square Suite 200
Des Moines, IA 50309-2350
Telephone: (515) 558-0200
Facsimile: (515) 558-7790
tzarley@zarleylaw.com
**ATTORNEYS FOR PLAINTIFF**