**REDROCK LITERARY AGENCY AND REPRESENTATION AGREEMENT**

This Agreement is made effective as December 2, 2018] ("Effective Date") by and between RedRock Literary, Inc. ("Agent") and Marci Clark writing as Marci Boudreaux/Emilia Mancini/Marci Bolden ("Author"). ("Agent" and "Author" may individually be referred to as "Party" and collectively as the "Parties").

**WHEREAS,** Author is the creator of works of written authorship not covered by a prior agency agreement, including, without limitation all book-length fiction and/or non-fiction, all full-length feature screenplays and/or full-length or series-length television scripts, and any other writings that the Parties may mutually agree to in writing, including, without limitation, those works identified on <u>Schedule A</u> (collectively, "Works");

**WHEREAS,** Agent is in the business of representing authors in the promotion of their creative works and negotiating agreements with publishers and other media entities in connection with their works; and

**WHEREAS,** Author wishes to engage Agent to provide its services related to the Works.

**NOW THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which is mutually acknowledged by the Parties, and in consideration of the mutual covenants and agreements contained in this Agreement, the Parties agree as follows:

1. **Agent's Services.** Author hereby retains Agent for the Term as Author's exclusive literary agent in representing and negotiating the sale, lease, license or other disposition of the rights to Works in all territories worldwide. Author warrants that, during the Term, Author will not employ any other agent to represent Works, and that Agent has exclusive right to represent all Works. Author hereby agrees to make all Works available to Agent to consider for representation. Specifically, the scope of Agent's representation of Works shall consist of the following services:

    (a) To negotiate the sale, lease, license or other disposition of Works throughout the world, subject to Author's approval;

    (b) To negotiate the sale, lease or license of derivative or secondary rights in Works, including, without limitation, to film, television, audiobook, recording or other media rights, anywhere in the world, subject to Author's approval ("Subsidiary Sales"); and

    (c) To collect and receive all revenues, royalties and other consideration due and payable to Author from all sales for so long as the Contracts as defined below for such sales remain in force.

2. **Contracts.** Agent shall use commercially reasonable efforts to promote Works. No proposed sale or other disposition of Works shall be binding unless agreed by Author in a signed contract ("Contract" or "Contracts"). Author's signature shall be required for any such Contract, provided that Author may, in writing, authorize Agent to sign specified Contracts on Author's behalf.

3. **Limitation on Agent's Powers.** Agent shall not execute any Contract, grant of rights or other document with respect to Works without the express written consent of Author. Notwithstanding the foregoing, Author hereby authorizes and instructs Agent to include a customary "agency clause" incorporated the terms of this Agreement in any Contract which Agent may negotiate, and the Parties agree to execute such additional documents as may be necessary to give full force and effect to this Agreement.

4. **Term.** Subject to the provisions for termination as hereinafter provided in this Agreement, the initial term shall be for a period of three years. The term shall automatically renew for successive 1-year periods thereafter, unless either party gives the other written notice, at least thirty (30)

days prior to the end of the then-current term, of such Party's intention to terminate the Agreement. For the avoidance of doubt, "Term" shall include the initial term and all subsequent renewals and extensions.

5. **Agent's Commission.** In consideration of Agent's services hereunder, Author shall pay Agent, and hereby authorizes Agent to deduct and retain as a commission for services rendered ("Agent's Commission"), the following amounts, based on gross sales:

| Sales Category | Agent's Commission |
|---|---|
| Foreign Sales | 15% of net |
| Subsidiary Sales | 15% of net |
| All other monies due to Author under this Agreement | 15% of net |

6. **Co-Agents.** Agent shall have the right to engage such co-agents or sub-agents as Agent believes will best represent Author. Agent shall pay all subsidiary or split commissions owing to co-agents or sub-agents from Agent's Commission.

7. **Expenses.** Ordinary business expenses (e.g. copies, phone calls) will be paid by Agent. Any unusual or extraordinary costs required in connection with Agent's representation of Author will be borne by Author, but will be subject to Author's prior approval.

8. **Payments.** Agent shall pay over to Author all revenues, royalties and other amounts collected on Author's behalf, less Agent's Commissions and approved expenses as provided in this Agreement, within thirty (30) days of the funds clearing Agent's bank account. If any funds are paid directly to the Author, the Author will remit Agent's share within ten (10) business days.

9. **Statements and Audits.** In January of each year during the Term hereof, Agent shall provide Author with an annual statement showing all payments made to Author, all Agent's Commissions, and other itemized deductions for the previous calendar year. Author or Author's designated accountant shall have the right, once in any consecutive twelve-month period, to audit Agent's accounting records, and to make copies and extracts therefrom, with respect to expenses incurred and disbursements made pursuant to the performance of this Agreement. Author shall pay for all costs in connection with such audit.

10. **Notices.** All notices required or permitted to be given hereunder shall be given in writing, either by personal delivery, by prepaid courier, by certified mail (postage prepaid, return receipt requested), or by fax transmission or email, to the parties at the following addresses, or at such other address as either Party may from time to time stipulate by notice to the other Party:

**IF TO AGENT:**

Address: 55 Sampson Ave, Swampscott MA 01907

Attention: David Grishman

Email: david@redrockliterary.com

**IF TO AUTHOR:**

Address: 726 N 2nd Ave E, Newton, IA 50208

Fax Number: N/A

Attention: Marci Clark

Email: marci.boudreaux@gmail.com

Notice given by prepaid courier, or certified mail shall be effective on date on which it is official recorded as delivered to (or refused by) the intended recipient. Notices delivered in person or by fax shall be deemed to have been delivered to and received by the addressee, and shall be effective on the date of actual receipt (in the case of personal delivery) or the date indicated on the fax confirmation. Notices delivered by email shall be deemed complete when the recipient opens and responds to the email, acknowledging receipt of the notice by such reply.

11. **Communications.** Any mail, legal notices or other communications sent to Author in care of Agent may be opened by Agent and dealt with, unless such item appears to be of a personal nature, in which case Agent shall forward it to Author promptly. Agent and Author shall promptly send each other copies of any legal notice or important communication received from any publisher under any Contract, and any other material correspondence. If Author is contacted directly by any party interested in acquiring rights to Works, Author shall inform Agent immediately and refer the party to Agent.

12. **Author's Representations and Indemnity.** Author represents and warrants to Agent that Author is the sole owner of Works and has full power and authority to enter into this Agreement and that Works do not infringe upon any copyright or other intellectual property right, nor contain any libelous matter, nor unlawfully invade the privacy of another person. Author agrees to indemnify and hold Agent harmless against all claims or suits that arise from publication of Works, in whole or in part, including any claims or suits with respect to libel, infringement of copyright, or any other action arising in connection with the content of any of Works.

13. **Termination.** If either Party materially breaches any provision of this Agreement, then such Party will have thirty (30) days from its receipt of notice from the other Party to cure such breach. If the breaching Party fails to cure the breach during such period, then the other Party may terminate this Agreement, effective on the expiration of such thirty (30) day period. Any notice of termination given hereunder must be given by certified mail, return receipt requested or other means evidencing receipt by the addressee. After termination, Agent shall continue to administer the Contracts which Agent negotiated while this Agreement was in force, and shall retain the Agent's Commission on those Contracts, however, Agent may make no further sales of the Works.

14. **Dispute Resolution.** In the event of any dispute arising under or as a result of this Agreement, the parties agree to employ good faith efforts to settle such dispute. If the parties cannot come to an agreement, an independent arbitrator mutually agreed upon by both parties shall be appointed to make a decision which will be binding upon both Parties. If the Parties cannot agree upon an arbitrator within thirty (30) days of a written arbitration request by either Party, the Parties may pursue remedies in law or equity in any court within the Commonwealth of Massachusetts.

15. **Miscellaneous Provisions.** This Agreement may not be assigned by Author. Agent may not assign this Agreement without the prior written consent of Author. If under any provision of this Agreement, Agent is required to obtain Author's approval, such approval shall not be unreasonably withheld or delayed. If Agent fails to receive a response from Author within such time as Agent may reasonably designate to accommodate its schedule for publication, promotion or the exercise of rights when any approval is requested, the approval requested shall be deemed granted. This Agreement contains the entire understanding of the Parties pertaining to the subject matter hereof and supersede all prior and contemporaneous agreements, understandings, negotiations and discussions, whether oral or written, of the Parties and there are no warranties, representations or other agreements between the Parties in connection with the subject matter of this Agreement except as specifically set forth herein. No waiver or modification of any provision of this Agreement shall be valid unless in writing and signed by both Parties. No waiver of any breach shall be deemed a waiver of any subsequent breach. If any provision of this Agreement is held to be invalid or unenforceable, the remaining provisions shall not be affected. Regardless of

its place of physical execution or performance, the provisions of this Agreement shall in all respects be construed according to, and the rights and liabilities of the Parties hereto shall in all respects be governed by the laws of the Commonwealth of Massachusetts, without regard to conflict of law principles.  Any legal actions, claims or demands shall be handled in a court of competent jurisdiction within Massachusetts. The caption headings of this Agreement are inserted for convenience only and are without substantive effect.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the Effective Date.

AGENT _[signature]_

Name: David Grishman
Title: Agent
Date: 12/2/18

AUTHOR _[signature]_

Name: Marci Clark
Title: Author
Date: 11/30/18

4

4850-6458-0731.2