IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARCI CLARK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DAVID GRISHMAN, REDROCK LITERARY, INC., AND PINK SAND PRESS, LLC,<br><br>　　　　Defendants. | No. 4:21-cv-00392-JEG-HCA<br><br>ORDER |

　　　　This matter is before the Court on the filing of a Complaint by Plaintiff Marci Clark on December 17, 2021. ECF No. 1. "[F]ederal courts are courts of limited, not general, jurisdiction," McAdams v. McCord, 533 F.3d 924, 927 (8th Cir. 2008) (alteration in original) (citation and internal quotation marks omitted), and therefore every federal "court has a special obligation to consider whether it has subject matter jurisdiction in every case," Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011) (citing Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)). Thus, this Court must raise "jurisdictional issues sua sponte . . . even if the parties do not address the issue." McAdams, 533 F.3d at 927.

　　　　In her Complaint, Clark alleges this Court has jurisdiction over her state law claims based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Compl. ¶ 5, ECF No. 1. Diversity jurisdiction "requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). Clark states that complete diversity is satisfied because Plaintiff is an Iowa corporation, and "all Defendants reside in Massachusetts." Compl. ¶ 5, ECF No. 1. However, unlike corporations, the citizenship of limited liability companies for purposes of 28 U.S.C. § 1332(c) is not determined by their state of organization or principal place of business. Instead, the citizenship of "limited liability companies depends on the citizenship of their members." Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC, 932 F.3d 1102, 1104 (8th Cir. 2019) (citation omitted); see also GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc., 357

F.3d 827, 828–29 (8th Cir. 2004) (noting that for purposes of diversity jurisdiction in a suit by or against an unincorporated entity, the court must look to the citizenship of all the members and concluding that although Congress has carved out an exception for corporations which need only disclose the corporation's state of incorporation and principal place of business, "[t]he Supreme Court has repeatedly resisted extending the corporation exception to other entities," and therefore, "an LLC's citizenship is that of its members for diversity jurisdiction purpose").

All members of Defendant Pink Sand Press, LLC are not indicated anywhere in the present record.  Therefore, the Court lacks the necessary information to determine whether diversity of citizenship exists in this case.  Clark, as the party "attempting to invoke diversity jurisdiction," has the "burden to plead the citizenship of the parties," Walker by Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997), and therefore must disclose the citizenship of each of Defendants' members.  Similar information must be provided for any members that are themselves limited liability entities.  See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minn., 893 F.2d 968, 969 (8th Cir. 1990) ("When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." (internal citation omitted)).

Because Clark bears the burden of establishing subject matter jurisdiction upon filing the Complaint, see Walker, 108 F.3d at 161, she is directed to file, within fourteen (14) days from the date of this order, a supplemental § 1446(a) statement sufficient for the Court to determine whether complete diversity of citizenship is satisfied in this case.

**IT IS SO ORDERED.**

Dated this 20th day of December, 2021.

JAMES E. GRITZNER, Senior Judge
U.S. DISTRICT COURT